*Amended*

**PETITION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT**

AO 243 (Rev. 2/95)    **SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| UNITED STATES DISTRICT COURT | District B-02-036. |
|---|---|

| Name of Movant MANUEL VASQUEZ H. | Prisoner No. 943540791 | Case No. 1:00CR00409.001 |
|---|---|---|

Place of Confinement 3711 WRIGHT AVE. BIG SPRING TEXAS, 79720.

---

| UNITED STATES OF AMERICA | V. | MANUEL VASQUEZ HERNANDES |
|---|---|---|
| | | (name under which convicted) |

### MOTION

1.  Name and location of court which entered the judgment of conviction under attack United States District Court
    105 FEDERAL BUILDING. 500 E. 10ᵗʰ ST BROWNSVILLE TX 78520

    FILED
    MAR 2 9 2002
    Michael N. Milby
    Clerk of Court,

2.  Date of judgment of conviction 01/16/01

3.  Length of sentence 57 MONTHS.

4.  Nature of offense involved (all counts) ILLEGAL REENTRY TO U.S.A. OFF
    CHARGED. U.S.C. 8:1326 (A) (B) ALIEN UNLAWFULLY FOUND IN THE
    U.S. AFTER DEPORTATION HAVING BEEN CONVICTED OF
    AGG. FELONY.

5.  What was your plea? (Check one)
    (a) Not guilty ☐
    (b) Guilty ☒
    (c) Nolo contendere ☐
    If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

    _____

    _____

    _____

6.  If you pleaded not guilty, what kind of trial did you have? (Check one)
    (a) Jury ☐
    (b) Judge only ☒

7.  Did you testify at the trial?
    Yes ☐    No ☒

8.  Did you appeal from the judgment of conviction?
    Yes ☐    No ☒

AO 243 (Rev. 2/95)

9. If you did appeal, answer the following:

(a) Name of court ___N/A___

(b) Result _____

(c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
Yes ☐     No ☒

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐     No ☒

(5) Result ___N/A___

(6) Date of result _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court ___N/A___

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

_____

_____

AO 243 (Rev. 2/95)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
   Yes ☐    No ☒    N/A

(5) Result _____ N/A _____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
   (1) First petition, etc.        Yes ☐        No ☒
   (2) Second petition, etc.       Yes ☐        No ☒

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____ N/A _____

WHEN I WAS AT THE COUNTY INMATES USED TO TELL ME THAT
TO WAIT FOR AT LEAST 1 ONE, OR, 2 YEARS THEN APPEAL IT
AND SINCE I DON'T KNOW ANYTHING ABOUT LAW.
I THOUGH IT WAS THE WAY TO DO IT, THEREFORE I WAITED UNTIL
NOW TO APPEAL MY CASE, WHICH I ALSO BELIEVE IS A NOUT OF
HAND SENTENCE, FOR JUST TRYING TO BE WITH MY WIFE AND MY
SON WHICH AT THAT TIME WAS BARELY BORN. I APPRECIATE YOUR
HELP AND YOUR CONCERN IN THIS MATTER AND THANK YOU
VERY VERY MUCH. x

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

   Caution:    If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

   For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

   Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

   (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

   (b) Conviction obtained by use of coerced confession.

— (3) —

AO 243 (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A.    Ground one: DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL.

_____

Supporting FACTS (state *briefly* without citing cases or law)

SEE ATTACHED MEMORANDUM IN SUPPORT OF §2255.

_____

_____

_____

B.    Ground two: _____ N|A

Supporting FACTS (state *briefly* without citing cases or law) N|A

_____

_____

_____

_____

C.    Ground three:_____

Supporting FACTS (state *briefly* without citing cases or law) N|A

_____

_____

_____

_____

AO 243 (Rev. 2/95)

D.    Ground four: _____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

N/A

_____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐      No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

(a) At preliminary hearing   TIMOTHY GOMEZ _____

_____

(b) At arraignment and plea _____

_____

(c) At trial _____

_____

(d) At sentencing _____

_____

AO 243 (Rev. 2/95)

(e) On appeal _____

(f) In any post–conviction proceeding _____

(g) On appeal from any adverse ruling in a post–conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
    Yes ☐          No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐          No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐          No ☒

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

x 03/18/02
(Date)

x Manuel Vasquez
Signature of Movant

**MEMORANDUM IN SUPPORT § 2255**

The nexus of Petitioner's motion under 28 U.S.C.A. § 2255 is ineffective assistance of counsel, in that his lawyer mendatiously misrepresented the sentence Petitioner was to receive. Further, the presentence investigation report in this case was completed ten days prior to sentencing and Petitioner was not afforded an opportunity to review or object to its contents prior to sentencing. Petitioner's attorney assured him that he would receive a term of imprisonment within the      month range, yet Petitioner received    months of incarceration at sentencing. Petitioner therefore moves the District Court to vacate, set aside or correct his sentence pursuant to provisions of 28 U.S.C.A. § 2255.

Claims of ineffective assistance of counsel can be raised for first time on motion to vacate sentence. United States v. Span, 75 F.3d 1383 (9th Cir. 1996).

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "An accused is entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure that the trial is fair". Frazier v. United States, 18 F.3d 778, 782 (9th Cir. 1994).

To prevail on a claim of ineffective assistance of counsel, Petitioner must show 1) his attorney's performance was unreasonable under prevailing professional standards; and 2) there is a reasonable probability that but for counsel's unprofessional errors, the results would have been different. United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting Strickland, 466 U.S. at 687, 104 S.Ct. at 2064).

Manifest mendacity cannot be construed as the role necessary to ensure that proceedings are fair, as defined by the Frazier Court. And for Petitioner to be denied the opportunity to review and object to the contents of the presentence investigation report used to determine his sentence, is simply outrageous.

The outcome of proceedings, due to the performance of Petitioner's attorney is fundamentally unfair. His attorney's performance was unfair by any reasonable standard, much less the heightened standard prescribed by Strickland, and there can be no doubt that but for his attorney's unprofessional errors, the outcome would have been different.

Appellant prays that this Court will grant him relief, and either remand this case for new proceedings or order an evidentiary hearing, so the matter may be equitably resolved.

DATED this 03 day of 18 02

✗ *Manuel Vazquez*

to HONOURABLE HILDA G. TAGLE          B - 02 - 03

Madam I Manuel Vasquez Hernandes was sentenced 1-16-2001 and I was

recommended for the prison in florida but as of today's date I haven't

heard anything because I'm still here in Big Spring tx.(sic) Now what I'm

asking you for. if you could help me get another trial/ court hearing in

order to request that my sentence be reduced a little bit so that I can go

home. I would be really grateful to you.(sic)


now I've been in jail for almost 2 years and I haven't gotten into any

trouble but it so happens that I'm locked out because The B.O.P. doesn't

want us in the yard.(sic) and since you have the authority to do so if it's

possible could you get me transferred elsewhere because they don't want

us here. Thank you Ma'am.


TAGLE